ELLIS, Judge:
Plaintiff William Austin Newell was employed by Boland Machine and Manufacturing Company, Incorporated, in New Orleans, Louisiana, as a welder. On or about September 26, 1968, he alleges he was injured in the course and scope of his employment, suffering a double hernia while assisting a co-worker in lifting a steel door. At that time, he says he felt a burning sensation around his stomach. Shortly thereafter, he began to feel sick at his stomach and went to his foreman to request some aspirin. When the work day ended, he had another spell of illness, and then returned to his rooming house. He was driven to his home in St. Helena Parish by his son.
He continued to feel ill and saw a Dr. Newell at about midnight that night, and was just given a shot. When the illness continued, he went to Lallie Kemp' Hospital, where a hernia was diagnosed. He was operated on for a strangulated femoral hernia on September 28, 1968, and had an uneventful recovery. He was subsequently readmitted, and on October 30, 1968, was operated on for the hernia on the right side. Soon after this operation, he began to suffer with pain and swelling of the joints, particularly the knees, ankles and elbows. Tests were run, and he was found to have rheumatoid arthritis. His history shows that he suffered from what was diagnosed as bursitis of his right shoulder in January, 1968, and from pain and stiffness *827 of his hands from June, 1968, until the time of his operations.
Since the operations, plaintiff testified that he has been unable to work. However, he made no formal demand on his employer for workmen’s compensation, dis-pite the fact that he knew where their offices were located. His son testified that he called plaintiff’s immediate superior and told him that his father was ill in the hospital. Plaintiff’s wife said that she wrote a letter to the defendant, but could not recall what she said in the letter. She said she received a form back from defendant, which she never filled out. Plaintiff said the form looked like a job application blank to him. In any event, no demand for compensation was made on defendant until this suit was filed in September, 1969.
In its answer, defendant denied liability on the basis that no accident happened, and if there was an accident, plaintiff’s disability was not causally connected therewith.
Dr. Donn E. Bowers, a rheumatologist, testified that he examined plaintiff on one occasion, and also examined his x-rays and hospital record from Lallie Kemp Hospital. He felt that plaintiff was suffering from rheumatoid arthritis, and that he was disabled as a result thereof as of the time of the examination on January 20, 1972. He further felt that plaintiff’s episode of shoulder pain in January, 1968, was the first onset of the disease, and that the pain and stiffness of his hands in June, 1968, and thereafter, was an exacerbation of the condition.
He further testified that stress, either physical or emotional, could cause exacerbation or flare-up of rheumatoid arthritis, and that the hernia operations caused such stress. He testified that rheumatoid arthritis is a disease for which there is no known cure, and that it runs its course in different ways. About one third of those who suffer from it will have one acute attack, followed by a remission of the disease for life. One third will suffer an original attack followed by periodic flareups and remissions for the rest of their lives. The other one third of those with rheumatoid arthritis will suffer from the disease from the time of its onset, without remission, for the rest of their lives. He was unable to say into which of these categories plaintiff might fall.
He was of the opinion, however, that plaintiff, after the operations, was at a worse chronic stage of the disease than he was before. He attributed this to the stress resulting from the operations, and felt that plaintiff was disabled as a result of the arthritis.
Dr. Thomas E. Weiss, a rheumatologist, testified on behalf of defendant. He did a. complete work-up on plaintiff, took his history, and had the benefit of the records of the Lallie Kemp Hospital. He was of the opinion that plaintiff had suffered from rheumatoid arthritis for some time prior to the operations. He felt that at the time of the alleged accident, plaintiff was suffering from a low grade rheumatoid arthritis, and that, at the time he examined plaintiff on May 24, 1972, he was still suffering from a low grade rheumatoid arthritis. He stated that the disease was at the stage he would expect it to be, without the stress of the operations having taken place. He was of the opinion that the stress resulting from the operations probably aggravated plaintiff’s arthritis for from three to six months thereafter, but that from that time on, the disease ran its normal course.
He testified that plaintiff was suffering from osteoarthritis, curvature of the spine, sone distortion of the pelvis from an old injury, a limp in one leg, and emphysema. He felt that all of these conditions, together with the rheumatoid arthritis, contributed to plaintiff’s overall condition. He also stated that he detected a certain lack of motivation in plaintiff.
After hearing all of the foregoing, the trial judge awarded compensation benefits at $35.00 per week from September 27, 1968, until April 30, 1969, medical expenses totalling $1,404.25, attorney’s fees of $750.- *828 00, and 12% penalties. From that judgment, both plaintiff and defendant have appealed.
Plaintiff claims he should have been awarded benefits for total and permanent disability and an increase in the attorney’s fee. Defendant claims that plaintiff failed to prove an accident in the course and scope of his employment; that, if compensation is due, it should limited to six months; and that the trial court erred in awarding penalties and attorney’s fees.
We find that plaintiff did suffer a double hernia in the course and scope of his employment, and that at the time of the accident, he was suffering from rheumatoid arthritis, which flared up as a result of the stress of the two operations. There is no testimony as to how long plaintiff might have been disabled as a result of the hernia operations, and we assume he has fully recovered therefrom.
One of the two doctors who testified found that the stress of the operations had exacerbated the chronic state of plaintiff’s rheumatoid arthritis to the extent that it had become disabling.
The other doctor said that the exacerbation caused by the operations lasted three to six months, and that plaintiff’s rheumatoid arthritis, was of the same grade as before the operations. He testified that many persons with worse arthritis were working full time, and that many other factors contributed to plaintiff’s disability. The gist of his opinion is that the stress of the hernia operations is unconnected with plaintiff’s present condition, and that, without the operations, plaintiff would be in the same condition.
In Bertrand v. Coal Operators Casualty Company, 253 La. 1115, 221 So.2d 816 (1969), the plaintiff had a history of heart disease, but was working full time. He suffered a heart attack on the job, and was thereafter disabled. All three doctors who testified agreed that he was disabled. Two of them did not relate his disability to the attack which occurred on the job, but felt that he was disabled because of the increasing severity of the chronic condition. In ruling on the case, the Court said:
“In a case such as the present one, where there is proof of an accident and of a following disability without any intervening cause, it is presumed that the accident caused the disability. The criterion for causal connection between the accident and the disability is: Has the accident changed the plaintiff’s condition so as to render him disabled and unfit for his former employment ?”
In such cases, when the evidence shows a reasonable possibility of causal connection between the accident and the disability, the defendant bears the burden of disproving such a connection. See Porter v. Augenstein Construction Company, 280 So.2d 861 (La.App. 3 Cir. 1973).
 In this case, plaintiff’s disability is not seriously disputed by defendant. It is contended that, because their doctor has more impressive qualifications and is more experienced than plaintiff’s doctor, his opinion that there is no causal connection between the accident and plaintiff’s present condition should be accepted. We do not believe that the evidence put on by defendant is sufficient to overcome the presumption in favor of plaintiff. We think from the medical testimony that there exists a reasonable possibility of causal connection between accident and disability, and plaintiff is not obliged to prove more.
We therefore find plaintiff to be permanently and totally disabled within the contemplation of the act, as a result of the accident which happened in the course and scope of his employment.
We cannot agree with the award for penalties and attorney’s fees made by the trial court. The record is devoid of evidence that any notice was ever given to defendant that plaintiff was making a claim for compensation because of a job *829 connected injury. Plaintiff has failed to prove that the accident was reported as such. Defendant denied both the accident and the disability, and has offered substantial evidence in support of its claim. We find no arbitrary or capricious refusal to pay under those circumstances.
The judgment appealed from is therefore amended so as to award plaintiff compensation at the rate of $35.00 per week for 400 weeks, with interest at the rate of 5% per annum on all past due installments from due date until paid; and it is further amended so as to remove therefrom the award for penalties and attorney’s fees; and as amended, it is affirmed, at defendant’s cost.
Amended and affirmed.